UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA BARNGETUNY,<br>　　Plaintiff<br><br>v.<br><br>COUNTY OF DAUPHIN<br>　　d/b/a<br>DAUPHIN COUNTY PRISON<br><br>　　and<br><br>DOMINICK DEROSE, IN HIS OFFICIAL CAPACITY AS WARDEN OF THE DAUPHIN COUNTY PRISON<br><br>　　and<br><br>DAUPHIN C.O. JOSHUA MARSHALL, IN HIS OFFICIAL CAPACITY AS A CORRECTIONS OFFICER AT THE DAUHPHIN COUNTY PRISON<br><br>　　and<br><br>JOHN DOE,<br>　　Defendants | :NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION-LAW<br>:<br>: 4:19-CV-1927<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
NOV 07 2019
PER ___MW___
DEPUTY CLERK

## COMPLAINT

## PRELIMINARY STATEMENT

1.  This lawsuit arises out of a malicious and unprovoked assault that occurred on Friday, November 10, 2017 and was perpetrated by Joshua Marshall, a former Dauphin County Corrections Officer, against Barngetuny, a former inmate at the Dauphin County Prison (hereinafter "DCP"). After C.O. Marshall slammed Barngetuny, who was handcuffed face first to the floor rendering her unconscious for several minutes, a John Doe Corrections Officer peppered sprayed Barngetuny two times as she lied on the floor motionless. This incident was captured on a video surveillance camera at the Dauphin County Prison. Said video which captured the incident in question is in the custody, possession and control of Detective Brian Walburn of the Dauphin County Criminal Investigations Division.

2.  This incident was not the first of its kind perpetrated by C.O. Marshall as he has used excessive force against other inmates prior to this incident and, ironically C.O. Marshall broke the jaw of another inmate at the prison and was allowed to maintain his employment.

3.  The lawsuit seeks damages for the use of excessive force in violation of the Eight Amendment to the United States Constitution.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. § 1983, the Eight Amendment to the United States Constitution. This Court has jurisdiction over Barngetuny's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Barngetuny's claims occurred in the Middle District of Pennsylvania.

## PARTIES

6. Barbara Barngeturny (hereinafter "Plaintiff" or "Barngetuny") is an adult female who resides in Harrisburg, Pennsylvania. On November 10, 2017, Barngetuny was a post-trial detainee at the Dauphin County Prison.

7. Defendant, the County of Dauphin, (hereinafter "Dauphin County") is a County within the State of Pennsylvania located and doing business in the city of Harrisburg, Pennsylvania. Dauphin County oversees the operation and function of the Dauphin County Prison and its agents, servants and/or employees.

8. Defendant, Dominick Derose was, at all times relevant herein, the Warden of the Dauphin County Prison. Derose is no longer the Warden of the Dauphin County Prison. As Warden of Dauphin County Prison, Derose was given custody and charge of Barngetuny and was responsible for her protection, as well as the

hiring, training and supervision of all personnel necessary to operate and maintain the Dauphin County Prison. He is sued in his official capacity.

9. Defendant, Joshua Marshall (hereinafter "Marshall") was, at all times relevant herein, a Corrections Officer with the Dauphin County Prison. Marshall's employment with the Dauphin County Prison was terminated following the incident in question. He is sued in his official capacity.

10. Defendant John Doe was, at all times relevant herein, a Corrections Officer at the Dauphin County Prison. Any and all individuals, through discovery or otherwise, are sued in their official capacities. Plaintiff took steps to discover the names of the John Doe Defendant by requesting copies by certified mail of the videotape of the incident at the Dauphin County Prison from the solicitor to the prison, the county commissioners, and other members of the prison board but said request were ignored.

11. All mentioned defendants were acting within the scope of their employment at the time of the incident giving rise to this cause of action. All defendants have acted under the color of law in the State of Pennsylvania at all times relevant to this complaint. Their deprivations of Barngetuny's constitutional rights are set forth in the following statements of fact and causes of action.

## FACTUAL ALLEGATIONS

12. On Friday, November 10, 2017, at the Dauphin County Prison, C.O. Marshall slammed a handcuffed Barngetuny to the floor while her hands were cuffed behind her back causing her to lose consciousness for approximately ten (10) minutes.

13. After Barngetuny was taken to the floor by C.O. Marshall, a John Doe Corrections Officer pepper sprayed Barngetuny two times as she lied motionless on the floor.

14. As a result of being slammed face first to the floor, Barngetuny suffered a broken jaw, had two teeth broken in half, sustained lacerations to her chin, had to undergo a surgery that left her jaw wired for 8 weeks, and was hospitalized for 5 days at Harrisburg Hospital.

15. Additionally, since the incident in question Barngetuny has suffered and continues to suffer from migraine headaches, PTSD, severe emotional distress, nightmares, difficulty sleeping, and has been undergoing extensive psychological counseling.

16. After being assaulted, several John Doe Corrections Officers laughed at Barngetuny and told her to stop crying, with one of the Corrections Officers telling Barngetuny "shut up bitch you crying worse than my 2-year-old niece".

17. Shortly after being assaulted by the Defendants, Barngetuny was put in the hole at Dauphin County Prison and refused visitation with her mother.

18. Following the assault, Barngetuny was advised by Corrections Officers Torres and Kreider that C.O. Marshall had a reputation for beating inmates and he broke an inmate's jaw before.

19. Additionally, Ms. Mary, an employee in the prison's medical department stated that C.O. Marshall beat several inmates including, female inmates and should be in jail.

20. Ms. Mary, attempted to obtain psychiatric counseling for Barngetuny, and was fired shortly thereafter.

21. Barngetuny filed a grievance with prison officials contending that excessive force was used against her, but her grievance was rejected because she was not available to be interviewed since Dauphin County Prison had her moved to Cumberland County Prison after she was assaulted.

22. Furthermore, Barngetuny received disciplinary write ups for the incident where she was assaulted which falsely alleged that she was combative and that she tried to assault a guard, though her hands were cuffed behind her back.

23. As a result of the write up for the incident in question, Dauphin County Prison officials found her guilty and she received a punishment of 10 days lock in.

24. It is believed, and therefore averred that Dauphin County corrections officers have a widespread custom of attempting to cover up their bad deeds by falsifying incident reports and initiating disciplinary proceedings against inmates who are assaulted.

25. The acts described above are part of an institutional practice or custom, constituting an official policy of the Dauphin County Prison and Warden Dominick DeRose of covering up instances of serious misconduct, especially the use of excessive force by corrections officers, including C.O. Marshall, and of abusing the internal disciplinary process by falsifying incident reports and taking disciplinary actions against inmates who suffered abuse at the hands of prison officials.

26. On information and belief, Defendant, Dominick Derose had prior knowledge of the violent propensity of C.O. Joshua Marshall but took inadequate steps to train and supervise this employee, correct his abuse of authority, discipline him for his behavior or implement meaningful procedures to discourage C.O. Marshall's unlawful abuse of power therefore he acted with deliberate indifference to the foreseeable risk that C.O. Marshall would continue to physically assault and cause bodily injury to inmates at the Dauphin County Prison.

## COUNT I

## VIOLATONS OF 42 U.S.C. § 1983 USE OF EXCESSIVE FORCE IN VIOLATION OF 8th AMENDMENT AGAINST DEFENDANTS JOSHUA MARSHALL AND JOHN DOE

27. The allegations of paragraphs 1 through 26 are incorporated herein by reference.

28. As described above, Defendants C.O. Joshua Marshall and John Doe used excessive force against Barngetuny, without provocation and without legitimate penal justification.

29. The actions of Defendants C.O. Joshua Marshall and John Doe were performed under color of law and violated Barngetuny's rights under the Eight Amendment to the United States Constitution.

30. C.O. Marshall's slamming Barngetuny to the floor face first was done maliciously and sadistically and for the specific purpose of causing harm because he had no legitimate or good faith basis for slamming her to the floor as Barngetuny was not resisting him nor was she posing a threat to anyone when she was slammed to the floor face first and Marshall continued to attack Plaintiff as she lied on the floor unconscious and even had her pepper sprayed.

31. The acts of excessive force by Defendants C.O. Joshua Marshall and John Doe against Barngetuny were the direct and proximate cause of serious and ongoing physical and psychological injuries to Barngetuny.

32. The conduct of C.O. Joshua Marshall and John Doe was willful and exhibited a flagrant disregard for Barngetuny's federally secured rights and protections against cruel and unusual punishment. Accordingly, these defendants are liable to Barngetuny under 42 U.S.C. § 1983.

## COUNT II

### § 1983 CLAIM AGAINST WARDEN DOMINICK DEROSE AND DAUPHIN COUNTY FOR DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT PLAINTIFF FROM THE FORESEEABLE USE OF EXCESSIVE FORCE BY C.O. MARSHALL AND C.O. JOHN DOE

33. The allegations of paragraphs 1 through 32 are incorporated by reference as if fully set forth at length.

34. Warden Dominick DeRose had prior notice of the violent propensity of C.O. Marshall to assault inmates and use excessive force against inmates as C.O. Marshall assaulted other inmates at the prison prior to this incident and has broken the jaw of another inmate prior to this incident.

35. Warden DeRose tolerated as institutional policy, practice, or custom or authorized and ratified the systematic pattern by his employees of using excessive force against inmates by failing to take disciplinary actions against Corrections Officers such as C.O. Marshall for assaulting inmates, by failing to fire Marshall, by failing to follow his internal policies prohibiting the abuse of prisoners by

corrections officers and by failing to provide better training to officers on the appropriate use of force.

36. Warden DeRose's failure to take actions or steps to avoid the use of excessive force against inmates had the effect of encouraging employees in their use of excessive force.

37. Warden DeRose's deliberate indifference to the well-known culture of prisoner abuse and specific instances of abuse perpetrated by C.O. Marshall were performed under color of law and violated Barngetuny's rights under the Eight Amendment to the United States Constitution.

38. As a direct and proximate result of the actions of Warden DeRose in ignoring a foreseeable risk that C.O. Marshall would continue to assault inmates and to address the widespread culture of prisoner abuse by corrections officers at the Dauphin County Prison, Barngetuny was subjected to a brutal physical assault, which caused her great physical, psychological, and emotional injuries.

39. It is believed and therefore averred that C.O. Marshall's attack of Barngetuny by slamming her to the floor face first and causing her to break two teeth, to suffer a broken jaw, and other physical injuries resulted from Warden DeRose's failure to discipline C.O. Marshall, his failure to fire him for past instances of prisoner abuse, his failure to provide him with training on the

appropriate use of force, and his failure to enforce his policies against the use of excessive force.

40. It is believed that Warden DeRose's deliberate indifference to the foreseeable risk that C.O. Marshall and John Doe would abuse inmates and his failure to follow his policies on excessive use of force created an unreasonable risk that Barngetuny would be assaulted by C.O. Marshall and C.O. John Doe.

WHEREFORE, Barngetuny request that this Court grant her the following relief, jointly and severally against the named defendants:

- A. judgment for compensatory damages against all defendants in an amount to be determined at trial;
- B. judgment for punitive damages against all defendants in an amount to be determined at trial;
- C. an award of the costs of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988;
- D. declaratory, injunctive and other equitable relief;
- E. such other relief as may be just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully,

**LAW OFFICE OF ROY GALLOWAY**

By: /s/ Roy L. Galloway III
Roy L. Galloway III, Esq.
PA Bar ID 206841
Law Office of Roy Galloway
4309 Linglestown Rd., Ste. 107
Harrisburg, PA 17112
P: (717) 737-3300
F: (717) 737-3312
Attorney for Plaintiff

Date: November 6, 2019